

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2010

# USA v. Tamika Riley

Precedential or Non-Precedential: Precedential

Docket No. 08-3361

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"USA v. Tamika Riley" (2010). *2010 Decisions.* Paper 331.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/331

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-3361, 08-3413, 08-3758, and 08-3759
_____

UNITED STATES OF AMERICA,
Appellee and Cross-Appellant

v.

TAMIKA RILEY AND SHARPE JAMES
Appellants and Cross-Appellees


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-07-cr-00578)
District Judge: Honorable William J. Martini
_____

Argued April 13, 2010

Before: SLOVITER and NYGAARD, <u>Circuit Judges</u>, and RESTANI,<sup>*</sup> <u>Judge</u>


**ORDER AMENDING OPINION**


IT IS HEREBY ORDERED that the opinion in the above case, filed September 16, 2010, be amended as follows:

Page 10, footnote 12, line 4, substitute "note11" for "note12".

_____

<sup>*</sup>Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

Page 14, delete the last sentence of section "**i**".

Page 14, heading "**ii**", which read:
>    **Harmless Error Review**

shall read:
>    **Affect on Appellants' Substantial Rights**

Page 14, delete the first sentence of section "**ii**", including citations.

Page 15, first sentence of the first full paragraph which read:
>    While it is true that the jury convicted James of a substantive violation referred to in one of the alternative descriptions of duty, 18 U.S.C. § 666 (Count 4), we cannot be certain of how the jury utilized the broad definition of an honest services violation given in connection with the entire conspiracy charge.

shall read:
>    While it is true that the jury convicted James of a substantive violation referred to in one of the alternative descriptions of duty, 18 U.S.C. § 666 (Count 4), dependents have met their burden of showing a reasonable probability that the jury utilized the broad definition of an honest services violation given in connection with the entire conspiracy charge.

Page 15, delete the last sentence of the first full paragraph.

BY THE COURT,

/s/   Jane A. Restani
Judge

DATED: October 21, 2010

2